C. Larry O'Rourke (State Bar No. 219255)
larry.orourke@finnegan.com
Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

John R. Alison (Of Counsel)
Thomas L. Jarvis (Of Counsel)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Attorneys for Defendants
S3 GRAPHICS CO., LTD., and S3 GRAPHICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br>a California corporation,<br><br>                   Plaintiff,<br><br>    v.<br><br>S3 GRAPHICS CO., LTD.,<br>a Cayman Islands corporation;<br>and S3 GRAPHICS, INC.,<br>a Delaware corporation,<br><br>                  Defendants. | Case No. 5:11-cv-00210-CW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659**<br><br>Date:    May 5, 2011<br>Time:   2:00 p.m.<br>Place:   Courtroom 2, 4th Floor<br>Judge:  Honorable Claudia Wilken |

## I. INTRODUCTION

Defendants S3 Graphics Co., Ltd., and S3 Graphics, Inc. (collectively, "S3G"), respectfully oppose the motion filed by plaintiff Apple Inc. ("Apple") to stay, under 28 U.S.C. § 1659 ("section 1659"), the declaratory judgment action that plaintiff Apple had filed against defendant S3G.

Apple is not entitled to invoke section 1659 under the circumstances now before this Court. Congress enacted section 1659 to avoid "parallel infringement proceedings" in two different judicial fora (i.e., the U.S. International Trade Commission ("ITC" or "Commission") and the U.S. District Courts) against the same defendant based on its importation of the same goods. Apple's attempt to invoke section 1659 is inconsistent with the purpose for which this statute was enacted.

First, because S3G has not filed "parallel infringement proceedings" against Apple, the specialized protections created by section 1659 do not apply to the present case. Here, S3G has filed one and only one infringement proceeding against Apple in one and only one forum—the ITC. It is plaintiff Apple that has now opted to file a second proceeding against defendant S3G in a second forum—the Northern District of California—and that has now moved to stay its own complaint. These actions are not "parallel," as contemplated by the drafters of section 1659, but directly opposed.

Second, because S3G did not assert any claim "that involves the same issues involved in proceedings before the [International Trade] Commission" within "30 days after the district court action [was] filed," Apple cannot invoke section 1659. Indeed, applying section 1659 to the present circumstances would make a farce of the statute, for the only "parallel proceeding" that Apple can point to within the 30-day jurisdictional window is the one it filed itself.

Finally, as explained below, plaintiff Apple does not lack a full and adequate remedy because it may voluntarily dismiss its declaratory judgment suit against defendant S3G under Federal Rule of Civil Procedure 41(a)(1)(A)(1). In this fashion, neither plaintiff Apple nor defendant S3G would be prejudiced by Apple's procedural gambit in filing the present case.

/ / /

/ / /

## II. BACKGROUND

On May 28, 2010, S3G filed a verified complaint against Apple in the U.S. International Trade Commission, seeking relief under 19 U.S.C. § 1337 ("section 337"). On July 1, 2010, the Commission published a Notice instituting Investigation No. 337-TA-724, which it entitled "Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software" (the "724 Investigation").

On January 13, 2011, plaintiff Apple filed a declaratory judgment action against S3G in the U.S. District Court for the Northern District of California. Plaintiff Apple's complaint sought a declaration that United States Patent Nos. 6,658,146 ("the '146 patent"), 6,683,978 ("the '978 patent"), 6,775,417 ("the '417 patent"), and 7,043,087 ("the '087 patent") were invalid, and that Apple did not infringe said patents. On February 11, 2011, the parties stipulated to extend the time by which S3G had to answer or otherwise plead to the Complaint. The Court entered the stipulation as an Order on February 17, 2011. The then-presiding Judge, Howard R. Lloyd recused himself on March 21, 2011 (Dkt. No. 15). The Court reassigned this case to the Honorable Claudia Wilken. Shortly thereafter, the parties entered into a stipulation extending the time in which to respond to the Complaint to fourteen days after the Court rules on Plaintiff's Motion to Stay (Dkt. No. 18). The stipulation was entered as an Order on March 31, 2011 (Dkt. No. 20).

On February 11, 2011 (*i.e.,* close to thirty days after the filing date of its own complaint), plaintiff Apple initially moved to stay further proceedings in its declaratory judgment suit pursuant to section 1659. After Judge Wilken was assigned as the presiding judge, plaintiff Apple renoticed its motion on March 29, 2011 (Dkt. No. 19). As of this date, defendant S3G had not stated any claim against Apple in the district court "that involves the same issues involved in the proceeding before the Commission." (28 U.S.C. § 1659.) Indeed, the only claim then pending in the district court was the claim for declaratory relief that Apple had filed itself.

## III. LEGAL STANDARD

28 U.S.C. § 1659 provides, in pertinent part, that "at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to

any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later."

## IV. ARGUMENT

This matter now comes before this Court as a result of Apple's misbegotten attempt to manipulate section 1659 to obtain a long-term statutory stay it does not deserve.

Why would Apple do so? In a recent decision, the U.S. Court of Appeals for the Federal Circuit has interpreted the statutory language of section 1659 as "requir[ing] that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review." *See In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). Such a lengthy period of judicial review might appear advantageous, however, to certain defendants (possibly including Apple) who might wish to prolong the appeal period in the ITC case to delay an eventual claim for damages and an injunction.[1] Although S3G cannot be certain, that appears to be the case here.

### A. The Federal Circuit's Decision in *In re Princo* Does Not Control the Issues Presented in This Case.

In support of its motion seeking a section 1659 stay, Apple purportedly relies on the Federal Circuit's *Princo* as conclusively establishing its right to a stay. Yet, the facts in *Princo* are significantly different from the facts raised in the present case and do not support this Court's grant of plaintiff Apple's motion to stay further proceedings under section 1659.

In *Princo*, it was undisputed that plaintiff sought to litigate, at the same time, Princo's infringement of the same six United States patents: (1) in an infringement suit filed in the U.S. District Court for the Southern District of New York; and (2) following an adverse final determination by the ITC that Philips appealed to the Federal Circuit. *See id*. at 1349-50. The issue presented

---

[1] For instance, an ITC respondent that anticipates a finding of infringement may attempt to claim that it has "designed around" the claimed invention to create a new product that was not considered in the ITC trial and to simultaneously claim that the new product is protected from a district court action for patent infringement due to the stay of a declaratory judgment action. In view of the short commercial life-cycles of consumer electronic products, this strategy would improperly attempt to circumvent an ITC exclusion order, while at the same time use the appeal period from that ITC case to forestall the day when a district court could exercise its authority to enjoin infringement before the product is obsolete.

- 3 -    DEFENDANTS' OPPOSITION TO MOTION TO STAY
Case No. 5:11-cv-00210-CW

1  to and decided by the Court focused on whether the adverse final determination of the Commission
2  was a "final determination" for purposes of section 1659.  Upon consideration of the legislative his-
3  tory, the Federal Circuit held that the Commission's final determination was not final for purposes of
4  section 1659 "until the Commission proceedings are no longer subject to judicial review."  *See* 478
5  F.3d at 1350.

6  Thus, under this interpretation, defendant Princo was in fact subject to infringement proceed-
7  ings brought by ITC complainant Philips against "imported goods in two forums at the same time."
8  *See id.* at 1355 (quoting H.R. Rep. No. 103-826(I), at 141 (1994), *reprinted in* 1994 U.S.C.C.A.N.
9  3773, 3913-14 (Declaration of Scott R. Mosko in Support of Defendants' Opposition to Plaintiff's
10 Motion to Stay Pursuant to 28 U.S.C. § 1659 ("Mosko Decl."), filed concurrently herewith, Ex. A)).
11 The Federal Circuit observed that the facts as they concerned defendant Princo raised precisely the
12 same issues addressed by Congress when it enacted section 1659.  478 F.3d at 1355.

13 In the case now before the Court, Apple is not subject to parallel proceedings filed by S3G
14 "in two forums at the same time."  Rather, it is subject to only a single proceeding filed by S3G in
15 the ITC.  That it has independently chosen to file its own action seeking a declaratory judgment
16 against S3G does not bring Apple within the statutory framework of section 1659.

17 Indeed, the circumstances before this Court are *reversed* from those addressed in *Princo*.
18 Here, it is *ITC respondent Apple* that took the step of filing a declaratory judgment action against
19 ITC complainant S3G in the Northern District of California.  Moreover, it is *ITC respondent Apple*
20 that now seeks unilaterally to stay its own declaratory judgment suit in the Northern District of
21 California *without ITC complainant S3G having filed in the district court "any claim that involves*
22 *the same issues involved in the proceeding before the Commission" within the jurisdictional 30-day*
23 *deadline ("only if") expressly provided in 28 U.S.C. § 1659.*

24 For the reasons set forth above, the circumstances found in the present case do not legiti-
25 mately invoke the specialized protections of section 1659.  This Court therefore should deny Apple's
26 motion.

27 / / /
28 / / /

B.  **Apple Cannot Avail Itself of Specialized Protections of Section 1659 Because It Cannot Point to Any Claim by S3G "Setting Forth the Same Issues Involved in the Proceeding Before the Commission" That Was Pending Within the Jurisdictional 30-Day Period Provided in the Statute.**

To invoke section 1659, Apple must show it was subject to "parallel proceedings" for infringement "involving the same issues as those pending before the Commission." (Quoting H.R. Rep. No. 103-826(I), at 141 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3773, 3913-14) 478 F.3d at 1355 (Mosko Decl., Ex. A).) Here, however, the only "proceeding" in existence as of the end of the jurisdictional 30-day period was Apple's own claim for declaratory relief set forth in Apple's own complaint. S3G had not stated any "claim" against Apple during this jurisdictional 30-day period.

We anticipate that, in reply, Apple will argue that its declaratory judgment complaint against S3G, in combination with its motion to stay, provided the requisite basis for a section 1659 stay. Yet such an argument would make a mockery of the substantive and beneficial purpose for which the statute was written, the entire tenor of the legislative history,[2] and the concept of "parallel proceedings" that animates the relief provided under section 1659.

C.  **Apple Can Avoid Any Prejudice Simply by Dismissing Its Declaratory Judgment Action Under Federal Rule of Civil Procedure 41(a)(1)(A).**

As the time period for invoking section 1659 has now expired, plaintiff Apple has before it only two legitimate options: (1) to dismiss its complaint under Federal Rule of Civil Procedure 41(a)(1)(A) (to which S3G will not object), or (2) to litigate the case it has filed in this Court, with

---

[2] Section 1659 was enacted as part of a package of reforms contained in the Uruguay Round Agreements Act. See H.R. Rep. No. 103-826(I), at 1 (1994), *reprinted in* 1994 U.S.C.C.A.N. at 3773. The legislation reflects Congress' response to a November 1989 dispute settlement panel report, later adopted by the General Agreement on Tariffs and Trade ("GATT"), "that found that Commission procedures in investigations to determine whether there is a violation of section 337 are inconsistent with the national treatment rule." *Id.* at 140, *reprinted in* 1994 U.S.C.C.A.N. at 3773. One of the GATT panel's specific findings as to violation of the national treatment rule was that "importers and producers of imported products may have to defend claims in both the Commission and in district court, possibly at the same time, whereas infringement claims against domestic goods can be heard only in district court." *Id.* Congress specifically enacted the specialized protections of section 1659 to address this problem and eliminate the identified violation of the GATT's national treatment rule. Nowhere in the legislative history of the statute can one find one iota of support for the self-serving procedural gambit now attempted in Apple's motion. (*See* Mosko Decl. Exh. A.)

the accompanying risk of patent infringement damages and an injunction.  Because it deliberately chose to pick this fight, Apple can hardly argue that such an outcome is unfair.

## V. CONCLUSION

For all of the foregoing reasons, defendant S3G respectfully asks this Court to deny plaintiff Apple's motion to stay the present case under 28 U.S.C. § 1659, permitting Apple in the alternative to dismiss its declaratory judgment suit as provided in Federal Rule of Civil Procedure 41(a)(1)(A) or to litigate this case now.

Dated:  April  14, 2011

FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.


By:_____/s/ Scott R. Mosko_____
          Scott R. Mosko

Attorneys for Defendants
S3 GRAPHICS CO., LTD.,
and S3 GRAPHICS, INC.